Arash Hashemi (Bar No. 222454)
Law Offices of Arash Hashemi
11845 W. Olympic Blvd Suite 520
Los Angeles, California 90064
Telephone: (310) 448-1529
Facsimile: (424) 365-3337
E-mail: arash@hashemilaw.com

Attorney for Defendant
BERTA MONTANO JIMENEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | **Case No.  2:23-cr-00382-FLA-3** |
|---|---|
| Plaintiff, | DEFENDANT BERTA MONTANO JIMENEZ'S SENTENCING POSITION |
| v. | |
| BERTA MONTANO JIMENEZ | Hearing Date:  February 21, 2025 |
| Defendant. | Time:         9:00 A.M. |
| | Location:     Courtroom of the Hon. Fernando L. Aenlle-Rocha |

Defendant BERTA MONTANO JIMENEZ, by and through his attorney of record, ARASH HASHEMI, hereby files his Sentencing Position.

DATED: February 7, 2025,       Respectfully submitted,

/s/ Arash Hashemi
ARASH HASHEMI
Attorney for Defendant,
BERTA MONTANO JIMENEZ

## I.

### INTRODUCTION

Berta Montano Jimenez appears before this Court for sentencing after pleading guilty to engaging in the business of dealing in firearms without a license and conspiracy to commit the same. She deeply regrets her involvement in this offense and acknowledges the severity of her actions. This memorandum provides a comprehensive review of her history, her limited role in the offense, and mitigating factors warranting a variance. Given her lack of criminal history, acceptance of responsibility, and family circumstances, we respectfully request a sentence of 24 months, which is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

## II.

### PROCEDURAL FACTS

#### A.  <u>The Case</u>

Ms. Montano Jimenez was indicted on August 3, 2023, along with co-defendants Juan Carlos Cruz Ramos and David Cruz Hernandez, for participating in a conspiracy to engage in the illegal manufacture and sale of firearms, which were smuggled into Mexico. The Indictment alleges that from March 2022 through July 2023, Ms. Montano Jimenez and her co-defendants conspired to traffic hundreds of firearms, including AR-15-style rifles and AK-47 variants, to buyers in Mexico. The operation involved covert transportation and packaging of

firearms, the use of fraudulent invoices, and cash payments through wire transfers from Mexican buyers.

The Government's investigation identified a storage unit controlled by Ms. Montano Jimenez and her co-defendants, which was used to store firearm components, assemble weapons, and prepare shipments. Surveillance evidence, text messages, and shipping invoices established that Ms. Montano Jimenez assisted in transporting and delivering firearms to freight forwarding companies under the guise of legitimate shipments containing household goods.

Ms. Montano Jimenez was arrested on July 20, 2023, when law enforcement executed search warrants on properties linked to the operation. Agents recovered over 200 firearms, high-capacity magazines, ammunition, and gun parts from the storage unit and residences associated with the conspiracy. Additionally, financial records showed she received payments linked to firearm transactions from Mexico-based buyers.

Despite the scope of the conspiracy, Ms. Montano Jimenez's role was limited to logistical tasks. She was not the organizer, financier, or primary decision-maker; rather, she followed directions given by her co-defendants, particularly Juan Carlos Cruz Ramos, who was the principal coordinator. There is no evidence that she manufactured firearms herself or profited significantly from the enterprise. Instead, her actions primarily involved packaging and transportation, making her a peripheral participant rather than a central figure. .

3

**B.    The Plea Agreement**

Pursuant to a plea agreement [Docket No. 100] filed on April 4, 2024, Ms. Montano Jimenez pled guilty to one count of conspiracy (18 U.S.C. § 371) and one count of engaging in the business of dealing in firearms without a license (18 U.S.C. § 922(a)(1)(A)). The Government dismissed the remaining charges. The plea agreement acknowledges that she played a lesser role in the conspiracy but does not formally stipulate to a mitigating role adjustment.

**C. The Pre-Sentence Report**

The Presentence Investigation Report (PSR) calculates a Total Offense Level of 30 and a Criminal History Category of I, resulting in a guideline range of 97 to 120 months. The PSR notes the following key factors:

1. **Base Offense Level** – Ms. Montano Jimenez's base offense level was calculated in accordance with U.S.S.G. § 2K2.1, taking into account the quantity of firearms trafficked and their illegal nature.

2. **Specific Offense Characteristics** – Enhancements were applied due to the trafficking of firearms and their smuggling outside of the United States.

3. **Acceptance of Responsibility** – She received a three-level reduction pursuant to U.S.S.G. § 3E1.1 for pleading guilty and demonstrating acceptance of responsibility.

4. **Criminal History** – She has no prior convictions, placing her in Criminal History Category I.

4

5. **Mitigating Factors** – The PSR recognizes Ms. Montano Jimenez's limited role in the offense, her lack of prior criminal history, and the hardship her prolonged incarceration would impose on her children.

The PSR ultimately recommends a sentence within the guideline range, but it does not dispute that Ms. Montano Jimenez played a lesser role compared to her co-defendants.

D. **The Government's Sentencing Position**

The Government has indicated that it will file its sentencing memorandum under seal. As such, its exact position is currently unknown. However, it is the Defense's understanding that, the Government <u>may</u> seek a sentence below the guideline range.

E. **The Defense Position**

Ms. Montano Jimenez played a minor role in the offense and was not an organizer, leader, or primary decision-maker. Unlike her co-defendants, she was not engaged in negotiating firearm sales, coordinating international transactions, or manufacturing the weapons. Instead, her involvement was limited to assisting in the transportation, packaging, and delivery of firearms at the direction of others.

Her participation stemmed not from any expertise or intent to engage in firearms trafficking but rather from financial hardship and familial pressure. She did not personally profit in any significant way, nor did she exhibit the same level of criminal sophistication as her co-defendants. Moreover, her lack of prior criminal history

5

demonstrates that she is not a career offender and is unlikely to reoffend.

The harsh collateral consequences of her conviction—combined with the significant time she has already spent in custody—should be taken into account. Ms. Montano Jimenez has been detained since July 20, 2023, and has used this time to reflect on her actions and their consequences. She fully accepts responsibility and is committed to rehabilitation.

Given these factors, a downward variance to 24 months is appropriate and sufficient to fulfill the goals of sentencing under 18 U.S.C. § 3553(a).

## III.

### THE 3553 (A) FACTORS IN THIS CASE WARRANT A CUSTODIAL SENTENCE OF THIRTY SEVEN MONTHS

### A.  INDIVIDUALIZED SENTENCING AND CONSIDERATION OF §3553(A) FACTORS

The overarching duty imposed on this Court by Congress is to arrive at a sentence sufficient but not greater than necessary to achieve the goals of sentencing. See 18 U.S.C. section 3553(a); Kimbrough v. United States, Ibid. and United States v. Carty, Ibid.

With respect to sentencing, a judge in the exercise of his or her discretion may consider information about a defendant's past, life, health, habits, conduct and mental and moral propensities. The selection of the most appropriate sentence is best served by the fullest information possible concerning defendant's life and

6

characteristics. See 18 U.S.C. §3553[1]; Koon v. United States, 518 U.S. 81 (1996); Gall v. United States, 128 S. Ct. 586 (2007), Kimbrough v. United States, 128 S.Ct. 558 (2007); United States v. Carty, 520 F.3d 984 (9th Cir. 2008).

The Court first reviews the Guideline calculations and then the sentencing factors enunciated in 18 U.S.C. §3553(a) in order to determine an individualized sentence appropriate to the defendant. Those factors include:

1. **Personal History and Characteristics**

Ms. Montano Jimenez is a 42-year-old mother of four, including two minor children who depend on her care. She has resided in the United States since 1996 and has no prior criminal history. Her involvement in this offense was driven not by greed or a desire for criminal activity, but by financial hardship and familial pressure. She does not pose a risk to the community, and this offense is entirely out of character.

The devastating impact of her incarceration on her family cannot be overlooked. Her children have suffered significantly in her absence, and a prolonged period of incarceration will only exacerbate the emotional and financial strain on them. Courts have consistently recognized that family circumstances can serve as a mitigating factor warranting a downward variance. United States v. Whitehead, 532 F.3d 991, 993 (9th Cir. 2008).

7

2. **Nature of the Offense**

While the underlying offense is serious, it is crucial to recognize Ms. Montano Jimenez's limited role within the conspiracy. She was not a leader, organizer, or decision-maker. Unlike her co-defendants, she was not responsible for acquiring, manufacturing, or negotiating the sale of firearms. Instead, her role was logistical, primarily assisting in packaging and transporting shipments at the direction of others.

She did not profit significantly from the scheme, nor did she engage in violence or threats. Her conduct was non-violent, and she has fully accepted responsibility for her actions. Courts have held that individuals who play a minor role in a conspiracy may be entitled to a reduced sentence. See United States v. Diaz, 884 F.3d 911, 915 (9th Cir. 2018).

3. **An Appropriate Sentence Should Reflect the Seriousness of the Charges, Promote Respect for the Law, and Provide Just Punishment for the Offense**

A sentence of 24 months appropriately reflects the seriousness of Ms. Montano Jimenez's conduct while avoiding excessive punishment. The purposes of sentencing—deterrence, retribution, and rehabilitation—can be achieved without imposing a lengthy term of incarceration that is disproportionate to her role in the conspiracy.

Furthermore, imposing a sentence at the lower end of the spectrum encourages cooperation with authorities and reinforces that those who

8

accept responsibility and plead guilty will receive fair treatment under the law. Excessive sentences for low-level offenders undermine confidence in the justice system and do not serve the interests of justice.

The defendant urges this Court to exercise its discretion as the Courts exercised their discretion in Gall v. United States, 552 U.S. 38 (2007) and Kimbrough v. United States, 552 U.S. 85 (2007), and sentence the defendant to 24 months in custody.

**4.    An Appropriate Sentence Will Avoid Unwarranted Disparity in Sentences**

One of the core principles of sentencing under 18 U.S.C. § 3553(a)(6) is to avoid unwarranted sentencing disparities among similarly situated defendants. In this case, a comparison to Ms. Montano Jimenez's co-defendants is instructive.

A sentence of 24 months for Ms. Montano Jimenez appropriately reflects her lesser culpability and prevents her from being punished more harshly than higher-level participants in the conspiracy.

The facts of this case demonstrate unequivocally why it falls to the discretion of the judge in each case to make an individual determination.  The Court in Gall v. United States, 552 U.S. 38 (2007) wrote:

> *It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual*

9

*and every case as a unique study in the human failing that sometimes mitigates, sometimes magnify, the crime and the punishment to ensue.*

A custodial sentence of 24 months together with the collateral consequences defendant faces is "sufficient but not greater than necessary to achieve the goals of sentencing enunciated in 18 U.S.C. section 3553(a)" and to avoid unwarranted disparities between similarly situated defendants.

**CONCLUSION**

For all the reasons discussed in this Sentencing Position, it is urged that the Court sentence the defendant to a low term of 24 months in custody, followed by no period of supervised release.

Respectfully submitted,

/s/    Arash Hashemi

_____

ARASH HASHEMI
Attorney for Defendant,
BERTA MONTANO JIMENEZ

10